IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re: ELIZABETH THOMAS** | **Case No. 25-11431 (Chapter 13)** |
| *Debtor* | (**Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division**) |
| _____ | |
| **ERNESTO SIMPSON** | Adv. Pro. No. _____ |
| V. | |
| **PCF PROPERTIES IN TEXAS LLC** | |
| _____ | |

**AMENDED NOTICE OF REMOVAL AND MOTION TO TRANSFER**

Pursuant to 28 U.S.C. §§ 9027 and 28 U.S.C. §§ 1452 Plaintiff Ernesto Simpson hereby gives notice of the removing all claims ("Petition in Intervention") filed by P.C.F. PROPERTIES IN TX ,LLC the "(P.C.F. Proceedings") from the County Court at Law Number Two Harris County, Texas, under case No. 1249845 to the United States Bankruptcy District Court for the Southern District of Texas, Houston Division.

*I. Background*

Plaintiff Ernesto Simpson is a tenant that holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and sued the Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction. On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed with prejudice.

On **May 19, 2025,** P.C.F. PROPERTIES IN TX LLC, (a similar but unrelated named entity) had attempted to intervene in the case by filing a "Petition Intervention" seeking the Court to "Vacate the Parties Judgment." A motion to vacate a prior judgment is considered a motion for new trial.[1]  In March of 2020, P.C.F. PROPERTIES IN TX LLC, claims that on March 3, 2020, after James Allen/Jeve Enterprise foreclosed on Allan Haye recorded "Deed of Trust" in the Harris County Real Property No. 2020-81003 at **10:07** a.m., for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property") and its "Trustee's Deed" was recorded at **11:50** am., in Harris County Real Property RP-No. **2020-9707** conveying title to said property to James Allen/Jeve Enterprise;[2] **they**

Via Substitute Trustee Anna Sewart also on March 3, 2020, the same said date as Mr. Allen purchase the property at a foreclosure at **12:30 p.m**., on a FLAGSTONE LENDING GOUP, "Deed of Trust" that had been recorded as released in Harris County Real Property RP- No. 2018-76715 effective since December of 2016, the power of sale no longer having any legal force or effect and this alleged transaction is simply not legally possible under Texas law.[3]

Unable to file its own lawsuit since all of P.C.F. PROPERTIES IN TX LLC., accrued in 2020, its claims are subject to the doctrine of res judicata and/or barred under the statute of

---

1  A Motion to Vacate judgment is a Motion for a New Trial. Mullins *v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Chapman v. Mitsui Eng'g & Shipbuilding* Co., 781 S.W.2d 312, 315 (Tex. App.—Houston [1st Dist.] 1989, writ denied).
2. In executing the foreclosure deed, the trustee affects the transfer of legal title from the debtor to the foreclosure purchaser. *Olivares v. Nix Trust*, 126 S.W. 3d 242 (Tex. App.- San Antonio 2003, pet. denied).
3.  Because the lien was released, there was no lien to foreclose, and the substitute trustee had no power to transfer title to the property to P.C.F. PROPERTIES IN TX LLC. *Martin v. Cadle* Company, 133 S.W.3d 897 (Tex.App.—Dallas 2004, pet. Denied) (Presidential)  See Schneider v. Sellers, 98 Tex. 380, 84 S.W. 417, 421 (1905). Sebesta v. Daniels, 812 S.W.2d 641, 646 (Tex.App.- Houston [14th Dist.] 1991, writ denied) (conveyance by one without authority or title does not furnish color of title);

limitations, P.C.F. PROPERTIES IN TX LLC, is attempting to try and intervene this case by falsely claiming to be the current owner of said property so as to seek relief by collaterally attacking a prior judgment rendered on February 14, 2019 in the case styled case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No. 2018-14171 in the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171. The February 14, 2019, judgment on merits ruled that among others that FLAGSTONE LENDING GOUP, "Deed of Trust" has been released effectively as of December of 2016, due to being a forgery.[4]

Normally the Harris County Civil Courts Administrative Judge could have transferred P.C.F. PROPEPRTIES IN TX LLC, claims to the 133rd Judicial District Court, Harris County pursuant to local Rule 3.2.1 which mandates any claim for relief based upon a prior judgment shall be assigned to the court of original judgment.

However, the Honorable Judge Nicole V. Perdue of the 133rd Judicial District Court, Harris County, Texas, District Clerk had advised the Parties that a "Motion to Enforce" the February 19, 2019, judgment which would have effectively prohibit P.C.F. PROPEPRTIES IN TX LLC, from collaterally attacking said judgment by claiming a ownership through a FLAGSTONE LENDING GROUP Deed of Trust is unable to enforce the February 19, 2019, judgment, because that case is still in pending in the bankruptcy court.

Non-Party P.C.F. PROPEPRTIES IN TX LLC, claims cannot be transferred to the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171 as local Rule 3.2.1 mandates because that case is presently pending in U.S. Southern Bankruptcy Court of Texas;

---

4.  As a matter of law a forged deed of trust is void *ab initio*, a nullity, and passes no title. *See* Johnson v. Coppel, No. 01-09-00392-CV, 2012 WL 344757, at *6-7 (Tex. App.-Houston [1st Dist.] 2012, no pet.) (mem.op.) (forged deed of trust is void and passes no title); Commonwealth Land Title Ins. Co. v. Nelson, 889 S.W.2d 312, 318 (Tex. App.-Houston [14th Dist.] 1994, writ denied) ("A forged deed is void *ab initio* and inoperative).

**3 |** P a g e

Houston in the case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No.22-03824 before the Honorable Judge Marvin Isgur, U.S.B.J.

The case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause No.2018-14171, was remove to federal court settled and never remanded back to state court.

Non-party P.C.F. PROPEPRTIES IN TX LLC[5], is seeking to collaterally attack said prior February 14, 2019, judgment which deem its FLAGSTONE LENDGING GROUP Deed of Trust that was recorded as release in December 2016, due to being ruled as forgery, and seeks the court to grant orders to exercise possession and control of the property located at 8202 Terra Valley Lane, Tomball Tx., 77375, by falsely declaring to be owner of said property and with rights to possession.

On June 27, 2025, (the "Petition Date"), Debtor Elizabeth Thomas filed its voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et, seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, New York Division, commencing the above referenced bankruptcy case which bears Case No. 25-11431 (the "New York Bankruptcy Case").

---

[5.] Under Texas Law the **_only way_** Non-Party P.C.F. PROPEPRTIES IN TX LLC., could have successfully intervened in the case post-judgment was if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed  See: *In re Baby Girl S*., 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at468; see also *First Alief Bank v. White,* 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend judgment within thirty days after its signed and **_observing "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set asid_**e"); *Beach v. Beach*, 912 S.W.2d345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("**_Once judgment is rendered in a case, an intervention cannot be filed_** therein unless the judgment is set aside or the dismissal of the claims with prejudice is set aside") Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d 31, 36 (Tex. 2008)  (one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice.) **Trial court never set aside the judgment**.

The property located at 8202 Terra Valley Lane, Tomball Tx., 77375, is scheduled on Debtor Thomas's A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits P.C.F. PROPEPRTIES IN TX LLC from taking any action against the debtor property §§ 362 of the Bankruptcy Code.[6]

On August 1, 2025 Debtor filed a Suggestion of Bankruptcy with Civil County Court at Law (2) Harris County, Texas notifying Non-Party P.C.F. PROPEPRTIES IN TX LLC., that Debtor Thomas had filed for bankruptcy and that the provisions of §§ 362 of the Bankruptcy Code stayed any further claims and/or action initiated against the Debtor Elizabeth Thomas's property by Non-Party P.C.F. PROPEPRTIES IN TX LLC.

## II. **Removal under 28 U.S.C. 9027**

P.C.F. PROPEPRTIES IN TX LLC, claims maybe removed to this Court to 28 U.S.C. **9027**, which provides in pertinent part:

> Removing a Claim or Cause of Action from Another Court(a) Notice of Removal.(1) *Where Filed; Form and Content* . A notice of removal must be filed with the clerk for the district and division where the state or federal civil action is pending. The notice must be signed under Rule 9011 and must:(A) contain a short and plain statement of the facts that entitle the party to remove;(B) contain a statement that the party filing the notice does or does not consent to the bankruptcy court's entry of a final judgment or order; and(C) be accompanied by a copy of all process and pleadings.

Based on the language of §§ **9027**, a party may remove claim or cause of action over which a bankruptcy court has jurisdiction under 28 U.S.C. 1334. Pursuant to 28 U.S.C. §§

---

[6.] See *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) (holding that in chapter 13 case "[v]erified schedules and statements filed by [d]ebtors are not just pleadings, motions, or exhibits, they contain evidentiary admissions."); Larson v. Groos Bank, N.A., 204 B.R. 502 (W.D. Tex. 1996). .");) (noting that bankruptcy schedules "are executed under penalty of perjury and when offered are eligible for treatment as judicial admissions."); In re Leonard, 151 B.R. 639 (Bankr. N.D. N.Y. 1992) (debtor's scheduling of real property ownership and outstanding mortgage debt is an admission under Fed. R. Evid. 801(d)(2) of its validity, with the court characterizing the filing of schedules by the debtor as "a solemn admission which, unless corrected, binds him.") (quoting Sovran Bank, N.A. v. Anderson, 743 F.2d 223, 225 n.1 (4th Cir. 1984) (emphasis in original))

1334, this Court has original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. §§ 1334(b).

III. **Removal under 28 U.S.C. 1452**

The P.C.F. PROPEPRTIES IN TX LLC's proceeding may be removed to this Court pursuant to 28 U.S.C. §§ 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C, §§ 1452(a).

Based on the language of §§ 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. The P.C.F. PROPEPRTIES IN TX LLC Proceeding is a civil action within the meaning of 28 U.S.C. §§ 1452 because: a) the P.C.F. PROPEPRTIES IN TX LLC Proceeding is a dispute against property of Debtor Elizabeth Thomas's bankruptcy estate, seeks monetary damages and injunctive relief; and b) the P.C.F. PROPEPRTIES IN TX LLC Proceeding is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Based on the foregoing, the P.C.F. PROPEPRTIES IN TX LLC Proceeding may be removed to this Court pursuant to 28 U.S.C. 1452.

IV. **All Requirements for Removal Have Been Met and Removal to this Court it Proper.**

This Notice of Removal is timely pursuant to FRBP 9027 because the Plaintiff Ernesto Simpson filed this Notice of Removal with this Court within ninety (90) days of Debtor Thomas June 27, 2025, Petition Date and because the commencement of a voluntary Chapter 13 proceeding constitutes an order for relief.

Upon removal, the P.C.F. Proceeding is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (B) and (0). Moreover, because the P.C.F. PROPEPRTIES IN TX LLC, has §§ asserted a claim against the Debtor's property, it necessarily may implicate the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in Stem v. Marshall, 131 S. Ct. 2594 (2011).

Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC., consent to the bankruptcy court's entry of a final judgment or order.

Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal are being served upon counsel and will be filed with the Clerk of Court.

## MOTION TO TRANSFER

The parties intend to file a Motion to Transfer this adversary proceeding to the United States Bankruptcy Court for the Southern District of New York New York Division that is the proper court in which to remove this action pursuant to 28 U.S.C. 1452 and FRBP 9027 because Debtor Thomas's bankruptcy is pending in that district and division.

A proof of claim shall be filed for FLAGSTONE LENDING GROUP a Corporation allegedly organized and existing under the laws of the State of Utah, bring all of P.C.F. PROPEPRTIES IN TX LLC, claims before the bankruptcy court.

V. **ADOPTION AND RESERVATIONS OR DEFENSES**.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available under applicable state or federal law, or otherwise,

which rights are expressly reserved. Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights and protections under the automatic stay provided pursuant to §§ 362 of the Bankruptcy Code and any other provision of the Bankruptcy Code, which rights and protections are expressly reserved.

WHEREFORE the Debtor hereby removes all of P.C.F. PROPEPRTIES IN TX LLC claims against Debtor Elizabeth Thomas's bankruptcy property to the United States Bankruptcy Court for the Southern District of Texas; Houston Division pursuant to 28 U.S.C. §§ 1452 and FRBP 9027, and intends to request a transfer to the United States Bankruptcy Court for the Southern District of New York New York Division.

Respectfully submitted this 4 day of August 2025.

Respectfully submitted

/s/*James M. Andersen*
 James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com
*Attorney for Ernesto Simpson*

**CERTIFICATE OF SERVICE**

This is to certify that on   August 3, 2025,   a true and correct copy of the above, was served by email or the eservice system both in accordance with Civil Rule 21a and on named counsel of record for the parties named in this case and parties of interest as follows:

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
 Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC  party named in this case*

**8 |** P a g e

**Interested Parties**

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603
*Elizabeth Thomas Trustee*

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division/Public Corruption Fraud Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen