1 | Page

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re: ELIZABETH THOMAS**  *Debtor* | Case No. 25-11431 (Chapter 13)  (**Pending in the United States Bankruptcy Court for the Southern District of New York, New York Division**) |
| **ERNESTO SIMPSON**  V.  **PCF PROPERTIES IN TEXAS LLC** | Adv. Pro. No. 25-03586 |

### MOTION TO STRIKE NON-PARTY P.C.F. PROPERTIES IN TX, LLC MOTION FOR REMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Ernesto Simpson (the "Plaintiff") and files this Motion to Strike ("The Motion"), Non-Party P.C.F. PROPERTIES LLC, Motion to Remand (the "Motion") pursuant to 28 U.S.C. § 1447(c) as the Federal case law in the Fifth Circuit (which includes Texas) which prohibits non-parties from seeking a remand order in federal court and for cause shows the Court as follows:

On April 25, 205, for the first time in his whole life Ernesto Simpson (the "Plaintiff") who is a tenant that holds a valid lease agreement for the property located at 8202 Terra Valley Lane, Tomball Tx 77375, (the "Property"), since the year of 2007, filed suit against Defendant PCF Properties in Texas LLC, whom on April 19, 2023, was awarded judgment for quiet title and possession of same said property for an illegal eviction as eviction was not authorized by any court at law after being away from home after a couple of months out of state..

On May 8, 2025, the Plaintiff and Defendant reached a settlement agreement (the "Judgment") in the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, County Court at Law (2) Harris County, Texas case No. 1249845 that was approved by the Court and the case was dismissed with prejudice.

On June 27, 2025, Ms. Elizabeth Thomas a non-party the case filed its voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et, seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, New York Division, commencing the above referenced bankruptcy case which bears Case No. 25-11431 (the "New York Bankruptcy Case").

Although Ms. Thomas is nonparty the state court lawsuit. However the property at issue located at 8202 Terra Valley Lane, Tomball Tx., 77375, is scheduled on Debtor Thomas's A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits anyone from taking any action against the debtor property which subject to the automatic stay §§ 362 of the Bankruptcy Code.

Mr. Simpson has since sought to enforce the judgment by seeking the court to enter a order to the clerk of curt to issue a "Writ of Possession" for property located at 8202 Terra Valley Lane, Tomball Tx., 77375, that is scheduled on Debtor Thomas's A/B Schedules as the debtor's property and the bankruptcy automatic stay prohibits anyone from taking any act to obtain possession of property of the debtor or property from the estate §§ 362 of the Bankruptcy Code.

Additionally on May 19, 2025, Non-Party P.C.F. PROPERTIES IN TX, LLC, attempted to file a "Petition in Intervention" after trial court entered the May 8, 2025, judgment, alleging ownership and the right to possession of the located at 8202 Terra Valley Lane, Tomball Tx.,

77375, that is scheduled on Debtor Thomas's A/B Schedules as the debtor's property

However trial *never* set aside the May ,2025, judgment. Under Texas Law the **_only way_** Non-Party P.C.F. PROPERTIES IN TX LLC., could have successfully intervened in the case post-judgment was if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed  See: *In re Baby Girl S*., 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at468; see also *First Alief Bank v. White,* 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend judgment within thirty days after its signed and **_observing "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set asid_**e"); *Beach v. Beach*, 912 S.W.2d345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("**_Once judgment is rendered in a case, an intervention cannot be filed_** therein unless the judgment is set aside or the dismissal of the claims with prejudice is set aside") *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008)  (one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice.).To this day the judgment has not been set aside.

According to the Court own docket sheet in the removed case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, County Court at Law (2) Harris County, Texas case No. 1249845 records there is **_no party_** to the lawsuit as a intervenor or otherwise by the name of P.C.F. PROPEPRTIES IN TX LLC. See Exhibit A and B.

On July 24, 2024, Ms. Thomas the Chapter 13 Trustee held Ms. Thomas creditors meeting wherein the illegal evictions were discussed and Ms. Thomas. Any ongoing issuing involving anyone seeking or taking possession of the located at 8202 Terra Valley Lane, Tomball Tx., 77375, is scheduled on Debtor Thomas's A/B Schedules as the debtor's property filed pre-

petition must first seek relief from the automatic stay or Ms. Thomas could move the cases to the bankruptcy court. As soon title issues to property are repaired as recommended by the title company Ms. Thomas will convert to Chapter 7 and un-exempt said property.

On August 1, 2025, Counsel filed a Suggestion of Bankruptcy with Civil County Court at Law (2) Harris County, Texas notifying Non-Party P.C.F. PROPEPRTIES IN TX LLC., that Debtor Thomas had filed for bankruptcy and that the provisions of §§ 362 of the Bankruptcy Code stayed any further claims and/or action initiated against the Debtor Elizabeth Thomas's property.

Mr. Burger has filed orders in this court that precludes defendants that are not named as party to this case from removing cases to federal court without first obtaining permission from the U.S. Chief Southern District of Texas: Houston Judge first. Numerous federal judges have advised Mr. Burger that these orders are not his own personal weapon to attempt to enforce against non-parties whom were never before the court. Indeed Mr. Simpson filed his first lawsuit on April 24, 2025, making it a legal impossibility for him to be named as party to any of the order submitted by Burger as such is not subject to any of the orders. The Honorable Judge Bennett U.S.D.J., order clearly states that orders do not apply to Attorney James M. Andersen.

Non-Party P.C.F. PROPERTIES IN TX, LLC, is not named as party to the stat court action *Ernesto Simpson vs. PCF Properties in Texas LLC*, that was removed from County Court at Law (2) Harris County, Texas under case No. 1249845 and lacks standing to file a remand motion.

Additionally Remand procedures are governed by statute and a non-party cannot seek a remand order in the Fifth Circuit under 28 U.S.C. § 1447(c). This statute dictates that a motion to remand for defects other than subject-matter jurisdiction must be made by a party within 30 days of the notice of removal.

If Non-Party P.C.F. PROPERTIES IN TX, LLC, may be able to intervene in a lawsuit under Federal Rule of Civil Procedure 24 if they meet certain criteria, such as claiming an interest relating to the property or transaction that is the subject of the action and showing that disposing of the action may impair their ability to protect that interest. If a non-party successfully intervenes, they may then have standing to move for a remand order.

## CONCLUSION

WHEREFORE, Ernesto Simpson (the "Plaintiff") moves the Court to Strike Non-Party P.C.F. PROPERTIES LLC, Motion to Remand pursuant to 28 U.S.C. § 1447(c) as the Federal case law in the Fifth Circuit (which includes Texas) which prohibits non-parties from seeking a remand order in federal court and for attorney fees and for such further relief the Court deems proper and just

Respectfully submitted

/s/*James M. Andersen*
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com
*Attorney for Ernesto Simpson*

## CERTIFICATE OF SERVICE

of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record including non-party P.C.F. PROPERTIES LLC, counsel and interested parties on August 4, 2025.

**Interested Parties**

Alzadia Spires
Attorney at Law
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429

*Attorney of Record for PCF Properties in Texas LLC party named in this case*

Thomas C. Frost,
Chapter 13 Standing Trustee,
399 Knollwood Rd, Suite 102,
White Plains, NY 10603
*Elizabeth Thomas Trustee*

United States Trustee, Office of the United States
Trustee - NY, Alexander Hamilton Custom House,
One Bowling Green, Room 534,
New York, NY 10004-1459

United States Attorney's Office, Southern District
of New York, Attention: Bankruptcy Fraud Unit,
86 Chambers Street, Third Floor,
New York, NY 10007-1825

New York Attorney General Office
Civil Rights Division/Public Corruption Fraud Division
28 Liberty St,
New York, NY 10005

/s/James M. Andersen